IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

Z.W., an infant, by her
next friend and legal guardians,
DONALD and TAMMY CHANDLER,

        Plaintiffs,

v.                        CIVIL ACTION NO. 2:19-cv-00699

THE SALVATION ARMY; THE SALVATION
ARMY d/b/a SAINT ALBANS BOYS AND
GIRLS CLUB; AND BOYS AND GIRLS
CLUBS OF AMERICA, INC.,

        Defendants.

MEMORANDUM OPINION AND ORDER

    Pending before the court is a Motion to Dismiss the Amended Complaint, [ECF No. 54], filed by Defendants the Boys & Girls Club of America, Inc. and The Salvation Army (collectively "the Defendants"). Plaintiffs Z.W., an infant, by her next friend and legal guardians, Donald Chandler and Tammy Chandler, have responded, [ECF No. 57]. Defendants have replied, [ECF No. 58], and the Motion is ripe for adjudication. For the reasons that follow, the Motion is **GRANTED**.

I.    Background

    This civil action is brought by Donald and Tammy Chandler, as the next friends and legal guardians of minor, Z.W. *See* Pls.' Amend. Compl. [ECF No 17]. The basis of the Amended Complaint is the alleged minor on minor sexual assault of Z.W.

while she was a member of The Salvation Army's St. Albans Boys & Girls Club location. *Id.* Plaintiffs allege that Defendants acted negligently and recklessness, breaching their duty to provide adequate supervision to the minors it supervised. *Id.* at ¶¶ 11–21. Plaintiffs bring their claims against Defendant The Salvation Army under a theory of joint venture/ enterprise and actual and/or apparent agency. *See Id.* at ¶¶ 22–34.

Plaintiffs filed the original Complaint in the Circuit Court of Kanawha County, West Virginia on August 23, 2019. *See* [ECF No. 1]. Defendant the Salvation Army removed the case to this court on September 26, 2019, based on diversity of citizenship. *See id.* Plaintiffs amended their Complaint on January 23, 2020. [ECF No. 17]. Defendants now move to dismiss this action, claiming Donald Chandler and Tammy Chandler ("the Chandlers") did not have standing to file the lawsuit on behalf of Z.W. because they were not her legal guardians at the time the suit was initiated. *See* Defs.' Mot. to Dismiss [ECF No. 54].

The facts surrounding guardianship of Z.W. are largely agreed upon by the parties. The biological parents of Z.W. are S.W. and M.W.[1] Plaintiffs state that the Chandlers were granted custody of Z.W. in the matter of *M.W. v. S.W.*, Civil Action No. \*\*-\*-\*\*, which was before the Family Court of Kanawha County, West Virginia.

---

[1] Due to the sensitive facts of this case, I protect the identities of the biological parents and the minor Plaintiff involved by using their initials rather than full names. *See In re Guardianship of K.W.*, 813 S.E.2d 154, 156, n.1 (W. Va. 2018). The identity of the biological parents of Z.W. is known by all parties. The names of the biological parents are abbreviated in the pleadings and are redacted in the supporting documents to assist in protecting the identity of Z.W. The case number of the relevant Family Court proceeding has also been redacted to assist in protecting the identity of Z.W.

2

Before living with the Chandlers, Z.W. was raised by her paternal great-grandparents. In 2011, the grandparents petitioned the Kanawha County Family Court for guardianship of Z.W. The Family Court Judge appointed a Guardian Ad Litem to represent the best interest of Z.W. and, based on an extensive investigation, the Guardian Ad Litem recommended that the Court grant permanent custody to the grandparents. *See* Report of Guardian Ad Litem, Ex. 1 [ECF No. 56–2] (sealed). When the grandparents developed health issues and were no longer able to care for Z.W., they filed a Petition for Modification of the guardianship so that the Chandlers could replace them as guardians. The Chandlers became interveners in the guardianship proceeding and were granted guardianship through a Temporary Order on July 16, 2015. *See* Temporary Order for Immediate Entry (July 16, 2015), Ex. 2 [ECF No. 56–3] (sealed). On March 10, 2016, Z.W.'s biological mother sought to have the guardianship set aside. *See* Amend. Temporary Order for Immediate Entry (March 10, 2016), Ex. 3 [ECF No. 56–4] (sealed). The family court maintained guardianship with the Chandlers and amended its July 2015 Order. *See id.* The parties again came before the family court on March 6, 2017. On that date, the family court entered another Temporary Order, maintaining the guardianship of Z.W. with the Chandlers. *See* Temporary Order for Immediate Entry (March 6, 2017), Ex. 5 [ECF No. 56–6] (sealed).

II. **Legal Standard**

Dismissal for lack of standing may be properly raised as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

3

*See White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005). "Subject matter jurisdiction defines a court's power to adjudicate cases or controversies—its adjudicatory authority—and without it, a court can only decide that it does not have jurisdiction." *United States v. Wilson*, 699 F.3d 789, 793 (4th Cir. 2012). A motion to dismiss under Rule 12(b)(1) tests the court's subject-matter jurisdiction over a plaintiff's claim. The plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In deciding a Rule 12(b)(1) motion, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). It must, however, "view[ ] the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Dismissal under Rule 12(b)(1) is proper "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R.*, 945 F.2d at 768).

### III.  Discussion

"The jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004). I must therefore evaluate whether Plaintiffs had standing to bring this case at the time of filing. *See id.* In order to bring any action in federal court, a plaintiff must have standing. That is, a plaintiff must have a sufficient personal stake in the

outcome of the matter being litigated to make it justiciable under U.S. Const. Art. III. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). To have standing, a plaintiff must meet the following requirements: (1) the plaintiff must have suffered an "injury in fact," (2) the injury must be "traceable to the challenged action of the defendant," and (3) it must be "likely ... that the injury will be redressed by a favorable decision" from the court. *Id.* Federal Rule of Civil Procedure 17(c) allows the following representative to sue on behalf of a minor: "(A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Fed. R. Civ. P. 17(c)(1). Only when a minor child "does not have a duly appointed representative" may the minor sue by a next friend or by a guardian ad litem. Fed. R. Civ. P. 17(c)(2). Here, Defendants do not contest Z.W.'s standing to sue. Defendants contest only the standing of the Chandlers to sue on Z.W.'s behalf pursuant to Rule (17)(c).

The dispute in this case turns on whether the Chandlers were the legal guardians of Z.W. at the time that they filed this lawsuit on her behalf. The parties generally agree—at least for the purposes of this Motion—as to the facts surrounding guardianship. The parties agree that on March 6, 2017 the family court entered a Temporary Order for Immediate Entry that granted guardianship of Z.W. to the Chandlers. *See* Defs.' Mem. of Law in Supp. of Mot. to Dismiss [ECF No. 55] 2–3; *see* Temporary Order for Immediate Entry (March 6, 2017), Ex. 5 [ECF No. 56–6] (sealed). The parties also agree that no other subsequent orders regarding the Chandlers guardianship of Z.W. have been entered. The parties, however, disagree on the meaning and effect of that Temporary Order. Defendants argue that the

5

Temporary Order entered March 6, 2017 granted temporary guardianship, which in West Virginia remains in place only for a period of six months—meaning that the Chandlers guardianship expired on September 6, 2017. *See* Defs.' Mem. of Law in Supp. of Mot. to Dismiss [ECF No. 55] 5. Plaintiffs maintain that the March 2017 Order granted permanent guardianship. Pls.' Resp. [ECF No. 57] 6. I agree with Defendants' interpretation.

"Statutory law, specifically West Virginia Code section 44-10-3, governs the appointment of guardians" in West Virginia. *Terrence E. v. Christopher R.*, 842 S.E.2d 755, 761 (W. Va. 2020). Specifically, West Virginia Code section 44-10-3(f) provides that:

> [t]he court may appoint a guardian for a minor if the court finds by clear and convincing evidence that the appointment is in the minor's best interest and: (1) The parents consent; (2) The parents' rights have been previously terminated; (3) The parents are unwilling or unable to exercise their parental rights; (4) The parents have abandoned their rights by a material failure to exercise them for a period of more than six months; or (5) There are extraordinary circumstances that would, in all reasonable likelihood, result in serious detriment to the child if the petition is denied.

W.Va. Code § 44-10-3(f); *see also id.* If the factors enumerated in subsection (f) are not present, or have not been considered, the resulting guardianship is temporary in nature:

> Whether or not one or more of the conditions of subsection (f) have been established, the court may appoint a temporary guardian for a minor upon a showing that an immediate need exists or that a period of transition into the custody of a parent is needed so long as the appointment is in the best interest of the minor. The

6

> temporary guardian has the authority of a guardian appointed pursuant to subsection (f) but the duration of the temporary guardianship may not exceed six months. A temporary guardianship may be extended beyond six months upon further order of the court finding continued need in the best interest of the minor. W. Va. Code § 44-10-3(g).

W. Va. Code § 44-10-3(g); *see also Terrence E.*, 842 S.E.2d at 761. In *Terrence E.*, the Supreme Court of Appeals of West Virginia held that because an order did "not reference any of the statutory factors for the appointment of a guardian enumerated by subsection (f)" the court "must presume that the appointment of the Guardians to serve in that capacity was temporary, pursuant to subsection (g)." *Id.* The court then emphasized that "pursuant to West Virginia Code section 44-10-3(g), 'the duration of the temporary guardianship may not exceed six months,' although '[a] temporary guardianship may be extended beyond six months upon further order of the court finding continued need in the best interest of the minor.'" *Id.* (citing W Va. Code §44-10-3(g)). The court therefore found in that case that the guardianship at issue was limited to a six-month timeframe. *See id.*

In this case, I find that the Temporary Order entered on March 6, 2017 granted a temporary guardianship to the Chandlers. Reconciliation of the status of guardianship regarding Z.W. should be resolved by the state courts. Here on its face, the Temporary Order presented to the court must be interpreted under West Virginia law as creating a temporary guardianship. Like the guardianship order in *Terrance E*, the Temporary Order in this case does not include any reference to the "statutory factors for the appointment of a guardian enumerated by subsection (f)." *See*

7

Temporary Order for Immediate Entry (March 6, 2017), Ex. 5 [ECF No. 56–6] (sealed). Accordingly, like in *Terrance E*, I must presume that the appointment of the Chandlers through the Temporary Order was temporary, pursuant to subsection (g). *See Terrence E.*, 842 S.E.2d at 761.

Plaintiffs argue that the transcript of the hearing provides context for interpreting the family court's Temporary Order entered March 6, 2017 and that the transcript demonstrates the court's intent to award permanent guardianship to the Chandlers. The Supreme Court of Appeals of West Virginia, however, has repeatedly recognized that "[i]t is a paramount principle of jurisprudence that a court speaks only through its orders." *Terrence E.*, 842 S.E.2d at 762 (quoting *Legg v. Felinton*, 637 S.E.2d 576, 581 (W. Va. 2006)). In *Terrence E.*, the Supreme Court of Appeals of West Virginia explicitly declined to consider the circuit court's oral statements preceding its written ruling and instead relied "solely upon the circuit court's written order as that is the ruling that controls and definitively announces the court's decision to establish a guardianship" *Id.* So too here, I am limited to the actual order entered by the court.

As previously stated, § 44-10-3(g) explicitly states that temporary guardianships expire after six months, except when extended through an order by the court. Plaintiffs in this case do not provide any evidence that the Temporary Order entered March 6, 2017 was extended. Pursuant to decree by statute, the Chandlers' guardianship of Z.W. awarded in that Temporary Order expired on September 6, 2017. The Chandlers filed this lawsuit on August 23, 2019, well after

the termination of their guardianship under the Temporary Order. Plaintiffs do not provide any other evidence to the court of additional orders that would confer guardianship of Z.W. to the Chandlers. Nor do Plaintiffs indicate that the Chandlers meet Rule17(c)'s requirements to sue on behalf of Z.W. in some other capacity, besides guardianship. *See* Fed. R. Civ. P. 17(c)(2). Accordingly, I find that the Chandlers did not have standing to sue on Z.W.'s behalf at the time this suit was initiated. This court thus lacks subject matter jurisdiction. Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is **GRANTED**.

## IV. Conclusion

Defendants' Motion to Dismiss, [ECF No. 54], is **GRANTED.** The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 30, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE